IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-20072-01-JWL |
| | ) | |
| JEREMY JAMES GARROD | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

In April 2008, Mr. Jeremy Garrod pled guilty to conspiring to distribute and possession with the intent to distribute more than fifty grams of methamphetamine, in violation of 21 U.S.C. § 846. In July 2008, Mr. Garrod was sentenced to a 360-month term of imprisonment. He did not file a direct appeal. Instead, Mr. Garrod filed a petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. On December 2, 2009, the Court denied Mr. Garrod's § 2255 petition. The matter is presently before the Court on a motion by Mr. Garrod to stay the order entered by the Court on December 2nd (doc. #525). Specifically, Mr. Garrod requests that this Court redate the order it entered on December 2nd to January 27th, 2010, or order a sixty day extension of time to file a notice of appeal and a certificate of appealability, on the grounds that he did not timely receive notice of the entry of the Court's order. As Mr. Garrod has simultaneously filed a notice of appeal (doc. #526) and has subsequently

1

moved for a certificate of appealability (doc. #533), the Court will also address whether the requested certificate of appealability (COA) should be issued. For the reasons set forth below, the Court grants Mr. Garrod's request for an extension of time with regard to the filing of his notice of appeal, but denies his application for a COA.

A. Extension of Time to File Appeal

Federal Rule of Civil Procedure 77(d)(2) provides that a party's lack of notice of the entry of an order or judgment "does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed," except as provided for by Federal Rule of Appellate Procedure 4(a). Thus, this Court may relieve Mr. Garrod of the time limits generally imposed for filing an appeal only to the extent authorized under Rule 4(a). *See also Bowles v. Russell*, 551 U.S. 205, 206, 127 S.Ct. 2360, 2361 (2007) (concluding that the district court improperly granted a seventeen day extension to file an appeal where the rule permitted only a fourteen day extension, as the court could not create equitable exceptions to such a jurisdictional requirement). Under Rule 4(a)(5), the Court may extend the time for Mr. Garrod to file a notice of appeal if (1) he so moves within thirty days after expiration of the time provided for in Rule 4(a); and (2) he shows excusable neglect or good cause. Fed. R.App. P. 4(a)(5)(A)(i), (ii).

Mr. Garrod did move for an extension of time within thirty days after the time provided for filing a notice of appeal under Rule 4(a). As the United States is a party to the action, Mr. Garrod had sixty days from the entry of the order to file his notice of

appeal. *See* Fed. R.App. P. 4(a)(1)(B) (while the notice of appeal generally must be filed within 30 days of entry of the order in a civil case, the notice may be filed by any party within 60 days when the United States is a party). Since the Court entered the order on December 2, Mr. Garrod had until February 1, 2010 to file a notice of appeal. He filed his notice of appeal as well as his request for an extension of time on February 16th, 2010, within thirty days of the original sixty days that he had to file the notice of appeal under Rule 4(a)(1)(B). Thus, Mr. Garrod timely moved for an extension. *See also Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004) (explaining that a district court may extend the time for appeal upon a showing of excusable neglect or good cause, if the party "moves for an extension no later than thirty days after the appeal time has expired.")

Moreover, Mr. Garrod has demonstrated excusable neglect such as to warrant an extension of time to file a notice of appeal. The relevant factors to this determination include "'the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* (quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1045 (10th Cir. 1994)). Mr. Garrod requests an extension on the grounds that he did not receive timely notice of the entry of the order he seeks to appeal. Although Mr. Garrod did neglect to promptly notify the clerk's office of a change in his address, the Court finds the neglect excusable in light of all the surrounding circumstances.

Specifically, on December 2nd, 2009, the clerk's office mailed the relevant order, entered the same day, to Mr. Garrod's last known address at the federal penitentiary in Leavenworth, Kansas. However, Mr. Garrod no longer resided in Leavenworth, having been transferred in November to another prison facility in Adelanto, California. Mr. Garrod had not yet filed a notice of his change of address with the clerk's office. However, on December 22nd, 2009, Mr. Garrod filed a "Notice of Change of Address" (doc. #502), which also requested that the clerk's office resend any papers mailed by the clerk's office from November 16th, 2009 onwards, due to a concern that the documents might not have been forwarded to his address in California. There is no record that the clerk's office received the order it originally mailed to Leavenworth as un-deliverable or that it ever resent any of the orders entered from November 16th onwards, including the order at issue. When it independently came to Mr. Garrod's attention that the Court had entered an order on December 2nd, he began the process to ensure filing of a notice of appeal, and the notice was eventually filed properly on February 16th, along with the request for an extension of time (doc. #526). Subsequently, Mr. Garrod also filed a Motion for Issuance of a Certificate of Appealability (doc. #533).

Mr. Garrod thus notified the clerk's office of his change of address within a relatively short period of time after issuance of the order. Moreover, the clerk's office did not resend any orders entered after November 16th, despite Mr. Garrod's request for it to do so. Although the delay from entry of the order until December 22nd was within Mr. Garrod's reasonable control, he still filed a change of address with the clerk's office well

within the sixty days provided for an appeal, and any delay occurring after December 22nd was not within his reasonable control. Moreover, the delay between expiration of the time for appeal and Mr. Garrod properly filing a notice of appeal was brief,[1] and the government has not demonstrated that it would suffer any particular prejudice from granting Mr. Garrod the requested extension. Thus, the Court concludes that Mr. Garrod has established excusable neglect and grants his request for an extension of time to file the notice of appeal. As Mr. Garrod actually filed the notice of appeal on February 16th at the same time he requested an extension, and within the original thirty days after the prescribed time for appeal, the Court need not address the appropriate length of the extension.[2]

B. Certificate of Appealability

A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Tenth Circuit has interpreted this standard to require a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims

---

[1] Indeed, the clerk's office received a document requesting a stay of the December 2nd order from Mr. Gregory Lambros, purporting to act as Mr. Garrod's "jailhouse lawyer," on February 2, 2010, immediately after the time for appeal expired. However, the Court ordered the clerk's office not to file the document on the grounds that Mr. Garrod, a *pro se* litigant, had not signed the document. The Court explained that Mr. Garrod had previously been warned that the Court would not accept any *pro se* submissions he had not personally signed (doc. #518). Mr. Garrod properly filed the request for an extension of time on February 16th, still well within the thirty days provided for in Rule 4(a)(5).

[2] Rule 4(a)(5)(C) provides that an extension may not exceed "30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later."

debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171, n. 3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).

In his § 2255 petition, Mr. Garrod argued that the Court should permit him to withdraw his guilty plea because the government breached the plea agreement by failing to recommend an additional reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b) and by requesting an upward departure. The Court concluded that the government had not breached the plea agreement by failing to recommend an additional reduction for acceptance of responsibility because the plea agreement explicitly qualified the government's obligation to recommend any additional reductions upon Mr. Garrod's continued acceptance of responsibility, and left this determination to the discretion of the government. Moreover, the Court found that the government did not breach the plea agreement by seeking a life sentence as Mr. Garrod contended, because the government did not request an upward departure but rather sought an upwards sentencing adjustment, and the plea agreement did not prohibit the government from doing so. In his application for a COA, Mr. Garrod has simply reiterated the arguments he already raised in his § 2255 petition concerning the government's alleged breach of the plea agreement.[3] Mr. Garrod has not demonstrated that reasonable jurists could debate whether (or for that matter, agree that) the issues regarding breach of the plea agreement should have been

---

[3] In his application for a COA, Mr. Garrod contends that the Court erred by failing to hold a hearing to assess whether the plea agreement had been breached. As the Court explained in its order denying Mr. Garrod's § 2255 petition, such claims of sentencing error clearly fall within of the scope of the waiver Mr. Garrod executed because they do not relate to the validity of his plea or waiver under *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

6

resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further.

In his § 2255 petition, Mr. Garrod also argued that his counsel was constitutionally ineffective in various respects, both in negotiating his plea agreement and at sentencing. Mr. Garrod alleged that he received ineffective assistance of counsel in connection with the negotiation of his plea agreement because his attorney failed to inform him of various issues before he executed the agreement. The issues his attorney allegedly failed to discuss with him include the following: (1) the government's breach of the plea agreement, a breach which had not yet occurred, (2) an alleged double jeopardy violation, (3) an improper calculation of his criminal history, (4) an improper enhancement of his sentence for being an organizer or leader under U.S.S.G. § 3B1.1(a), (5) an improper enhancement of his sentence for possession of a firearm, and (6) an inaccurate calculation of drug quantity, which resulted in an improper sentence enhancement. As to each of these matters, Mr. Garrod also alleged that his attorney provided ineffective assistance at sentencing by lacking adequate knowledge of the issues involved and by failing to object at the hearing. In addition, Mr. Garrod alleged ineffective assistance based upon his attorney's cumulative errors. Lastly, Mr. Garrod asserts in his request for a COA that his attorney's counsel was constitutionally deficient because he failed to file an appeal on Mr. Garrod's behalf. As to each of these issues, however, Mr. Garrod cannot demonstrate that reasonable jurists would find the Court's assessment of these claims debatable or wrong.

As to Mr. Garrod's first claim of ineffective assistance based upon his counsel's failure to notify him of the issues involved with the government's alleged breach of the plea agreement, the Court first explained that the government had not actually breached the plea agreement. Moreover, even if a breach had occurred, his counsel's failure to object to the breach would not relate to the validity of the waiver Mr. Garrod executed. In addition, his attorney could not be considered constitutionally deficient for failing to notify Mr. Garrod prior to execution of the plea agreement of a plea agreement breach which had not yet occurred. Lastly, despite the fact that Mr. Garrod had not clearly raised it as a basis of ineffective assistance, the Court examined Mr. Garrod's statement that his counsel "guaranteed" him a two-level reduction for acceptance of responsibility as well as a one level reduction under U.S.S.G. § 3E1.1(b) before he executed the plea agreement. On the basis of well-established precedent, the Court concluded that Mr. Garrod could not establish prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984) on such a claim, because Mr. Garrod was otherwise adequately informed of the plea agreement terms and had clearly affirmed his understanding of them at the plea colloquy.

Mr. Garrod's second claim of ineffective assistance was based upon his attorney's failure to explain to him before execution of the plea agreement that Counts 1 and 37 of the indictment impermissibly charged him with two separate drug conspiracies in violation of the same statute. As the Court explained, Mr. Garrod waived his right to assert any such claim of ineffective assistance under the plea agreement he executed

because the claim does not relate to negotiation of the plea agreement or waiver under Tenth Circuit precedent, and thus does not fall within the exception outlined in *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). Moreover, the counts were not multiplicious and his attorney therefore could not be considered constitutionally deficient under *Strickland* for failing to explain the non-issue to Mr. Garrod. In his application for a COA, Mr. Garrod merely repeats the arguments he made previously in his § 2255 petition, objects to the conclusions reached by the Court, and complains about the Court's citation to unpublished Tenth Circuit opinions in its order. He has not, however, demonstrated that reasonable jurists would find the court's assessment of this issue debatable or wrong.

Mr. Garrod also argued in his § 2255 petition that his attorney was constitutionally deficient because he did not notify him before execution of the plea agreement of the correct criminal history calculation and did not object at sentencing to the criminal history computation. The Court explained that Mr. Garrod had waived his right to assert a claim of ineffective assistance based upon his counsel's failure to object at sentencing to the criminal history calculation. Moreover, the Court found that Mr. Garrod's claim of ineffective assistance based upon his attorney's failure to notify him of his correct criminal history category before pleading guilty might arguably relate to the validity of Mr. Garrod's plea, but that any such error would not have resulted in prejudice under *Strickland* anyway, as Mr. Garrod's sentencing range would have remained the same regardless. In his request for a COA, Mr. Garrod objects to the Court's calculation of the

applicable sentencing range in its order, asserting that the Court erred in its analysis. In particular, Mr. Garrod argues that his sentencing range would not have been the same regardless of whether he was sentenced at a criminal history category I or II, provided he was sentenced at an offense level of 41. However, as the Court explained in its order, Mr. Garrod's correct offense level was a 42, rather than a 41, because the government made the discretionary decision to not move for an additional one-level reduction for acceptance of responsibility. At an offense level of 42, Mr. Garrod's sentencing range would have been 360 months to life regardless of whether he fell into a criminal history category I or II. Thus, reasonable jurists therefore could not find debatable the Court's conclusion that Mr. Garrod could not have suffered prejudice under *Strickland* in the event his attorney did error in failing to notify him of the correct criminal history category.

Mr. Garrod also claimed that his attorney provided ineffective assistance in failing to properly calculate the adjustment for Mr. Garrod's role in the offense, so as to sufficiently advise him whether to plead guilty, and in failing to notify him before execution of the plea agreement either that the Court would apply a firearms enhancement under U.S.S.G. § 2D1.1(b)(1) or of the correct drug quantity that the Court would hold him responsible for. As to each of these claims, the Court explained that an erroneous sentence estimation by his counsel could not constitute deficient performance under controlling Tenth Circuit precedent. Accordingly, the Court has no difficulty concluding that Mr. Garrod has not demonstrated that reasonable jurists could debate

whether these issues in his § 2255 petition should have been resolved in a different manner or that they were adequate to deserve encouragement to proceed further.

Mr. Garrod additionally claimed that the cumulative errors of his counsel sufficed to establish ineffective assistance. However, as Mr. Garrod had not established that his counsel's performance was deficient or prejudicial in any respect, the Court concluded that he could not rely upon a cumulative error analysis. The Court does not waiver in its conclusion that Mr. Garrod has failed to establish a single constitutional error; thus, reasonable jurists could not disagree as to whether this claim of ineffective assistance should have been resolved differently.

Lastly, Mr. Garrod claims in his application for a COA that his attorney was ineffective because he failed to file a direct appeal on Mr. Garrod's behalf. Mr. Garrod did not raise this as one of the seven self-labeled bases for finding error or ineffective assistance in the filings accompanying his § 2255 petition. Rather, Mr. Garrod merely included a very brief and factually unsupported reference to this in an explanation of why he had not filed a direct appeal. Nonetheless, in an abundance of caution, the Court addressed this as a potential basis for ineffective assistance in its order denying Mr. Garrod's § 2255 petition. The Court explained that Mr. Garrod had not alleged the claim with enough specificity to permit an assessment of whether his attorney was truly deficient in this respect and whether the deficiency, if any, caused prejudice to Mr. Garrod. For example, the Court explained that Mr. Garrod had not even asserted that he actually asked his attorney to file a direct appeal. Despite the fact that Mr. Garrod

"knowingly and voluntarily" waived his right to appeal his sentence under the terms of the valid plea agreement he executed, Mr. Garrod now alleges in his application for a COA that his attorney was ineffective for failing to file an appeal and that his "jailhouse lawyer," Mr. Gregory Lambros, merely overlooked this issue when constructing the memorandum accompanying Mr. Garrod's § 2255 petition.[4] Mr. Garrod, however, had ample opportunity to truly raise this argument in his § 2255 petition. Thus, to the extent that Mr. Garrod makes any new arguments concerning his attorney's alleged failure to file an appeal on his behalf, the Court declines to address them because Mr. Garrod failed to raise them before. *See O'Neill v. Bruce*, 2006 WL 3246769, at *1, n. 1 (D. Kan. 2006). Moreover, the Court notes that Mr. Garrod still has not alleged this claim with any greater factual specificity.

For the foregoing reasons, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Garrod's motion to extend the time for filing a notice of appeal or certificate of appealability (doc. # 525) is **granted**. However, Mr. Garrod's application for a certificate of appealability (doc. #533) is **denied**.

**IT IS SO ORDERED** this 8th day of April, 2010.

---

[4] Mr. Garrod asserts that Mr. Lambros attempted to raise the issue in the initial § 2255 petition by the unsupported and brief reference to his attorney's ineffectiveness in this respect, but that he overlooked this as a ground for claiming ineffective assistance when constructing the memorandum accompanying Mr. Garrod's petition.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge